IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIS GLEN GIBSON,
    Plaintiff,

vs.                                                Case No: 3:06cv388/RV/EMT

DEPUTY VINCENT,
    Defendant.
_____/

**O R D E R**

       This matter is before the court upon Plaintiff's "Motion to Amend Complaint" (received by the clerk on May 24, 2007)[1] (hereinafter "Plaintiff's motion"),[2] which shall be construed as a motion for default.  Also before the court is Defendant's Motion for Extension of Time (Doc. 16).

       Plaintiff's motion seeks a default against Defendant due to Defendant's failure to respond in this action (*see* Plaintiff's motion at 1).  On December 4, 2006, the court issued an order directing service of the amended complaint on Defendant (*see* Doc. 11).  As directed, on January 3, 2007, the United States Marshal sent Defendant the Form 1B (revised) waiver of service form, which Defendant executed and returned on January 10, 2007, and the United States Marshal filed with the clerk on January 24, 2007 (*see* Doc. 12).  The court's order directing service provided Defendant with sixty (60) days in which to file a motion to dismiss or a special report (*see* Doc. 11 at 2–3).  As

---

[1] Plaintiff's motion was filed on May 21, 2007 when it was delivered to prison officials for mailing. Following creation of the "mailbox rule" in Houston v. Lack, 487 U.S. 266, 276 (1988) (notice of appeal), the Eleventh Circuit considers notices of appeal, section 1983 complaints, Federal Tort Claims Act complaints, and section 2255 motions to vacate as "filed" when a pro se prisoner delivers one of them to a prison official for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (section 2255); Garvey v. Vaughn, 993 F.2d 776, 780 n.11 (11th Cir. 1993) (section 1983 and Federal Tort Claims Act); *see also* Vanderberg v. Donaldson, 259 F.3d 1321, 1325 n.4 (11th Cir. 2001) (assuming, without deciding, that a motion to amend in a section 1983 action was subject to Houston's mailbox rule).

[2] Plaintiff's motion was referred to the undersigned without being filed by the clerk due to an apparent deficiency in the document.  Nevertheless, the clerk shall be directed to file Plaintiff's motion.

of May 24, 2007, Defendant had not made an appearance or otherwise filed any pleading in this case. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Thus, as of May 24, 2007, Plaintiff was entitled to move for default against Defendant. *See* Fed. R. Civ. P. 55(a). Default, however, was not entered against Defendant because Plaintiff's motion was deemed deficient by the clerk, not docketed, and referred to the undersigned for review.

On May 26, 2007, however, Defendant filed a motion for an extension of time (*see* Doc. 16). Defendant requests a sixty-day extension of time to file a special report (*see id.* at 1). As grounds, Defendant states that his counsel "only received the Complaint after 5:00PM on Friday, May 25, 2007 . . . [and] first reviewed it on Saturday morning, May 26, 2007" (*id.*). Defendant states that the complaint was timely delivered to Defendant and was forwarded to the third-party insurance administrator for assignment to Defendant's counsel's law firm (*id.*). "For reasons unknown," however, "the Complaint was misplaced and not forwarded to [defense counsel's] attention" (*id.*). Defendant states that no incident reports or other internal documents have been referred to his counsel and that he has been unable to consult with his counsel (*id.* at 1–2). In sum, Defendant argues that his delay in responding was inadvertent and the result of excusable neglect by third-parties (*id.* at 2). Furthermore, Defendant argues that "no default has been requested and Plaintiff will not be prejudiced if the Court grants the requested enlargement of time" (*id.*).[3]

Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default." The Eleventh Circuit has explained that " 'Good cause is a mutable standard, varying from situation to situation. It is also a liberal one — but not so elastic as to be devoid of substance.' " <u>Compania Interamerican Exp.-Imp., S.A. v. Compania Dominicana De Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (quoting <u>Coon v. Grenier</u>, 867 F.2d 73, 76 (1st Cir. 1989)). Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary,

---

[3]The court notes that Defendant was not aware of Plaintiff's request for a default because Plaintiff's motion, although received by the clerk, had not yet been docketed in this case.

Case No: 3:06cv388/RV/EMT

whether the defaulting party presents a meritorious defense, whether there was significant financial loss to the defaulting party, whether the defaulting party acted promptly to correct the default, and whether the public interest was implicated.  *See id.* (internal citations omitted).

In this case, Defendant's counsel promptly filed a motion with the court upon being actually notified of Plaintiff's complaint.  *See id.*  Furthermore, Defendant has not willfully avoided answering Plaintiff's complaint.  *See id.*  If Plaintiff's motion had been docketed by the clerk on May 24, 2007, and a default had been duly entered against Defendant, Defendant would be entitled to an order setting aside the default for good cause shown, as has been shown in his instant motion for an extension of time to respond to Plaintiff's complaint.  Therefore, the clerk shall be directed to file Plaintiff's motion but shall be ordered not to enter a default against Defendant.

The only remaining issue is Defendant's request for a sixty-day extension of time to file a special report.  Rule 6(b) states, in relevant part, that "the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  This court has broad discretion to permit an extension of time.  *See* Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 n.5 (1990).  For good cause stated, Defendant's motion for an extension of time shall be granted.

Accordingly, it is **ORDERED**:

1. The clerk is directed to docket Plaintiff's "Motion to Amend Complaint" (received by the clerk on May 24, 2007), construed as a motion for default.  Plaintiff's motion is **DENIED**, and the clerk shall not enter default against Defendant based on Plaintiff's motion.

2. Defendant's Motion for Extension of Time (Doc. 16) is **GRANTED**.  Defendant shall file a special report on or before **JULY 30, 2007**.

**DONE AND ORDERED** this 30th day of May 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**