IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


WILLIS GLEN GIBSON,
    Plaintiff,

v.                                     Case No.: 3:06cv388/RV/EMT

DEPUTY VINCENT,
    Defendant.
_____/

## **O R D E R**

        Defendant in this civil rights case has filed a special report and supporting documents (Doc. 22). Plaintiff requested an extension of time to file his response to Defendant's special report in order to retain the services of an attorney (*see* Doc. 24). The court granted Plaintiff's request and extended the deadline for Plaintiff to file his response to Defendant's special report to December 7, 2007 (Doc. 25). Plaintiff failed to file a response. The court then issued an order on January 14, 2008, concluding that Defendant's special report should be treated as a motion for summary judgment (*see* Doc. 27). The court further ordered that Plaintiff shall file his response to Defendant's motion for summary judgment on or before February 11, 2008 (the "submission date") (*id.*). The clerk mailed Plaintiff a copy of the court's order on Defendant's special report (*id.*) to the Panama City Rescue Mission, and the mail was returned on January 28, 2008 (Doc. 29). The clerk re-mailed the order (Doc. 27) to Plaintiff at the Panama City Rescue Mission (per directions from law clerk) and the mail was again returned (Doc. 31). On February 7, 2008, the clerk mailed a copy of the order to Plaintiff to at a Pensacola address found on the DOC website (*see* Docket Entry 31). Due to the possibility that Plaintiff did not receive a copy of the order until after the previously imposed submission date of February 11, 2008, the court will, *sua sponte* grant Plaintiff a final extension of time for filing his response to Defendant's motion for summary judgment.

Accordingly, it is **ORDERED**:

1.  The submission date will be extended *sua sponte*, and Plaintiff shall respond to Defendant's motion for summary judgment on or before **March 28, 2008**.

2.  On or before the submission date, Plaintiff shall file a response to the motion for summary judgment.  As previously advised, Plaintiff should be careful to ensure that the response, if any, and any further response complies with the provisions of Rule 56(e) of the Federal Rules of Civil Procedure.  Plaintiff may not rest upon mere allegations or denials of his pleadings, but must, by affidavits or as otherwise provided for in this Rule, set forth specific facts showing that there is a genuine issue for trial.  Plaintiff is reminded that failure to follow the requirements of Rule 56 in opposing a motion for summary judgment may result in the motion being granted and final judgment being entered in favor of the moving party without there being an evidentiary hearing or trial.

3.  On or before the submission date, Defendant may submit additional Rule 56 materials.[1]

4.  Any documents or evidence filed after the submission date will not be considered by the court barring exceptional circumstances.

5.  Failure of Plaintiff to respond as directed by this order may result in a recommendation that Defendant's motion for summary judgment be granted, or alternatively, that this case be dismissed for Plaintiff's failure to prosecute and failure comply with the orders of this court.

6.  The clerk shall return this file to the undersigned's chambers on **March 28, 2008**.

**DONE AND ORDERED** this 29th day of February 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The court notes that Defendant was previously advised of the February 11, 2008 submission date and has not submitted any new materials.  As previously advised, Defendant shall not resubmit any materials (affidavits, documents, or arguments) previously filed as part of the special report.

Case No.: 3:06cv388/RV/EMT